TAMARA SOLOMAN
P.O. Box 5482
El Dorado Hills, CA 95762
Telephone: (916) 712-8962

Attorney for Defendant
Venjamin Markevich

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>VENIAMIN MARKEVICH, AKA<br>BEN MARKEVICH,<br><br>       Defendant. | CASE NO.  2:11-CR-00210-KJM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 29, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 29, 2022.

2. By this stipulation, defendant now moves to continue the status conference until February 28, 2023, and to exclude time between November 29, 2022, and February 28, 2023, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

 a) The government has represented that the discovery associated with this case includes over 90,000 pages and recordings of discovery.  The discovery specifically includes 92,114 pages of discovery.  There is also close to 8,000 pages of transcripts currently downlowded as well as an additional 1000 pages of documents produced.  All this discovery has been either produced directly to counsel and/or made available for inspection and copying. Defense counsel has made significant progress organizing the discovery and prior transcripts of

proceedings. The defense has obtained paralegal assistance and is getting through the initial discovery as well as some transcripts. The case is rather complex with many parties involved and thus it is taking time to read/organize/strategize.

b) There have been several trials in this case and in related cases, some of which lasted for over a month at a time. Those trials include thousands of pages of trial transcripts that are publicly available to review. The exhibits in those cases have been made available for inspection and copying. Defense has not even started to determine the relevance of these transcripts and exhibits as there is still significant initial discovery to review.

c) Counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolution with her client, and to otherwise prepare for trial. Defense counsel represents that Mr. Markevich requires the aid of an interpreter for all visits. This also causes delay for the defense. It has not been as easy to meet with my client when scheduling involves several parties.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, considering the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 29, 2022 to February 28, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of November 29, 2022 to February 28, 2023, inclusive, is also deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2] because it is an unusual and complex case involving many defendants, related cases, and a large volume of discovery and because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 22, 2022               PHILLIP A. TALBERT
                                        United States Attorney

                                        /s/ LEE S. BICKLEY
                                        LEE S. BICKLEY
                                        Assistant United States Attorney

Dated:  November 22, 2022               /s/ TAMARA SOLOMAN
                                        TAMARA SOLOMAN
                                        Counsel for Defendant
                                        Veniamin Markevich, aka
                                        Ben Markevich

**ORDER**

Pursuant to the stipulation of the parties, the status conference previously scheduled for November 29, 2022 is continued to February 28, 2023 at 9:30 a.m., and time is excluded between November 29, 2022, and February 28, 2023, under Local Codes T2 and T4.

IT IS SO ORDERED.

Dated:  **November 28, 2022**            _Dale A. Drozd_
                                         UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT